Howard T. Hogan, J.
Three of the defendants move to dismiss the amended complaint as insufficient in law, or in the alternative to make same more definite and certain under rule 102 of the Rules of Civil Practice.
*197 The moving defendants are Rogers Auto Sales Corp., which the defendant infers should have been sued as Rogers Plymouth Inc., but gives no further explanation.
Since the contract in suit was made with Rogers Auto Sales Corp., we will hereafter call them Auto Sales and ignore the digression.
The second moving defendant is Rogers Investors, Inc., hereinafter called Investors, which on May 8,1957 became the owner of the premises on Hempstead Turnpike, Levittown, on which the plaintiff had commenced the construction of a building on March 12, 1957 under a contract of that date, made between the plaintiff and Auto Sales.
The third moving defendant is Irving Rogers, who personally guaranteed that payments under the contract would be made by Auto Sales, and who will hereafter be called Rogers.
The first cause of action seeks a judgment against Auto Sales for $17,829, representing a balance due under the main contract of $4,207, plus $13,622 for extras. It also asks for foreclosure of a mechanic’s lien in that amount against both Auto Sales and Investors.
The second cause of action is against Investors for a money judgment only, and the third cause of action is against Rogers for a money judgment on the guarantee.
It is unnecessary to delve into the subtleties presented by a paragraph (see paragraph thirteenth, which pleads work done with the knowledge and consent of Investors and later pleads that the same work was directed, consented to and authorized by them) except to say that such pleading invites frivolous motions to segregate one from the other.
I think that in order to state a cause of action under the contract pleaded in the first cause of action, plaintiff must plead performance substantially within the terms of the contract itself, which requires pleading the “ contractor’s direct costs of construction ” and the “ costs for any additional work or extras ”. Instead, plaintiff has pleaded that it has “ expended and paid ” a certain sum on the main contract and has pleaded the agreed price and reasonable value of extras under the contract, although, as has been noted, the contract itself calls for “ cost” prices in both cases. These amounts are not necessarily the same.
Since the second and third causes of action rest upon the first, it follows that the motion under rule 106 must be granted as to them. Furthermore, as to the second cause of action against Investors, it is not apparent how they could be said to ratify *198 something, unless some one had presumed to act on their behalf in the first place and such is not pleaded here. A ratification presupposes an unauthorized act on behalf of someone else, which that person later authorizes or ratifies. Here Auto Sales presumed to act for none but itself.
If plaintiff’s position is that defendant Investors undertook to perform the contract of March 12, 1957, then they should so plead in unequivocal terms and not as they have done in paragraph 26. Of what legal significance ■ is the statement that a party acted as if it were an original party to a contract and what principal of contractual liability does this assertion follow? While it is true that Investors might have rendered itself liable for the agreed price and reasonable value of the extras, by a fresh contract to that effect, such an agreement has not been pleaded.
Defendants’ motion is granted, with leave to plead over within 20 days after service of a copy of the short-form order which has been signed herein.